UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Paul J. Daoud,<br><br>Debtor. | Case No.: 23-13632-amc<br>Chapter 13 |

### OBJECTION OF AMERICAN EXPRESS NATIONAL BANK TO CHAPTER 13 PLAN

Creditor and party in interest American Express National Bank ("American Express"), by its attorney, hereby objects to the Chapter 13 Plan (the "Plan," Dkt. #11) of Debtor Paul J. Daoud (the "Debtor"). The Plan should not be allowed because, contrary to 11 U.S.C. §1325(a)(5), it does not provide for a secured claim for American Express, which has a valid lien on the Debtor's homestead. In further support hereof, American Express states as follows:

1. American Express is the holder of a valid judicial lien in the amount of $11,641.71 (the "Lien") on the Debtor's real property located at 42 Pennington Lane, Quakertown PA 18951, Bucks County. The judgment ("Judgment") giving rise to the Lien appears on the docket in the Court of Common Pleas in Bucks County, Pennsylvania, the county in which the homestead is situated. American Express obtained the Judgment, which is attached to American Express's proof of claim, on

October 26, 2020. Part 2, item 9 of the proof of claim identifies American Express's claim as secured by real estate. See Claims Register #1-1.

2. Schedule E/F of the Debtor's bankruptcy petition (the "Petition," Dkt #1) mistakenly characterizes American Express's claims as unsecured.

3. The Plan is silent as to the treatment of American Express's claims. It does not identify American Express's claims as secured.

4. In light of the foregoing, the Debtor's intention appears to be treat American Express incorrectly as an unsecured creditor.

5. In Pennsylvania, a judgment gives rise to a lien on the debtor's real property located in the county where the judgment was obtained. A lien entitles a creditor's claim to be treated as secured, unless it impairs an exemption of the debtor, pursuant to 11 U.S.C. § 522(f)(2)(A).

6. The Lien does not impair the Debtor's homestead exemption. The fair market value of the Debtor's residence is $192,000.00, according to his bankruptcy petition. Petition at Schedule A/B. The mortgage is $149,560.00. Id. at Schedule D. The Debtor claims a homestead exemption of $4,040.00, pursuant to 11 U.S.C. § 522(d)(1). Id. at Schedule C. The sum of the mortgage, the Lien and the homestead exemption is $165,331.71 ($149,650.00 + $11,641.71 + $4,040.00).[1] The value of the Debtor's interest absent any liens is $192,000.00. The Debtor's

---

[1] Even were the Debtor to claim the entire federal homestead exemption, the Lien would still not be avoidable.

exemption is thus not impaired and there is non-exempt equity in the homestead to which the Lien may attach. Accordingly, the Plan should expressly provide that American Express's claim be treated as secured in the amount of $11,641.71.

WHEREFORE, American Express respectfully requests that (1) the Plan not be confirmed in its current form, and (2) an order be issued requiring the Debtor to include a provision in an amended plan granting American Express a secured claim in the amount of the $11,641.71.

Dated:                                    Respectfully submitted,

AMERICAN EXPRESS NATIONAL BANK,

By its attorney,

/s/ Kirsten Armstrong
Kirsten R. Armstrong, Esq.
Zwicker & Associates, P.C.
3220 Tillman Drive, Suite 205
Bensalem, PA 19020
(877) 297-1183
karmstrong@zwickerpc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of December, 2023 I caused a copy of the foregoing Objection of American Express National Bank to Chapter 13 Plan to be served by electronic filing and on the following persons by first-class mail, postage prepaid:

Paul H. Young
Young, Marr, Mallis & Deane, LLC
3554 Hulmeville Rd.
Ste 102
Bensalem, PA 19020
Counsel for the Debtor

Scott F. Waterman
2901 St. Lawrence Ave.
Suite 100
Reading, PA 19606
Chapter 13 Trustee

United States Trustee
Office of United States Trustee
Robert N.C. Nix Federal Building
900 Market Street
Suite 320
Philadelphia, PA 19107

                                                            /s/ Kirsten Armstrong
                                                           Kirsten R. Armstrong, Esq.